MEMORANDUM **
Quanzong Jia, a native and citizen of the People’s Republic of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002), and de novo claims of due process violations, Ram v. INS, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.
Substantial evidence supports the agency’s adverse credibility determination because Jia’s implausible testimony concerning his submission of a corruption complaint to the local government goes to the heart of his claim that he was persecuted for protesting government corruption. See Singh v. Gonzales, *271 439 F.3d 1100, 1110 (9th Cir.2006) (“IJ’s skepticism as to the plausibility of [a petitioner’s testimony] may be a proper basis for finding his testimony is inherently unbelievable if [the IJ’s] logical inferences are supported by substantial evidence.”); Don v. Gonzales, 476 F.3d 738, 743 (9th Cir.2007) (upholding IJ’s implausibility finding). In the absence of credible testimony, petitioner failed to establish he is eligible for asylum or withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
We reject petitioner’s claim that the IJ violated his due process rights because he received a full and fair hearing. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring legal error and prejudice to prevail on a due process challenge).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.